AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| Timothy Jackson | ) |
| *Plaintiff* | ) |
| v. | ) |
| Laura Wright, et al. | ) |
| *Defendant* | ) |

Civil Action No.   4:21-cv-00033-ALM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Benjamin Brand
4111 Cole Avenue, Apt. 31, Dallas, Texas 75024

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached to this subpoena.

| Place: The Fillmore Law Firm LLP | Date and Time: |
|---|---|
| 201 Main Street, Suite 801 Fort Worth, Texas 76102 | 06/01/2021 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/28/2021

CLERK OF COURT

OR

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Timothy Jackson
, who issues or requests this subpoena, are:

Jonathan F. Mitchell, 111 Congress Avenue Suite 400, Austin, Texas, 78701; (512) 686-3940
Michael Thad Allen, PO Box 404, Quaker Hill, CT 06375; (860) 772-4738

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT

D

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:21-cv-00033-ALM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

&#10697;  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

&#10697;  I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print       Save As...       Add Attachment                    Reset

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**Documents to Be Produced by Benjamin Brand**

## I.      Definitions and Instructions

1. Each request shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

2. Unless otherwise indicated, the relevant time period for these requests is from January 1, 2019, to the present.

3. Unless otherwise defined, the terms used should be read and construed in accordance with the English language and the ordinary meanings and definitions attached. You should, therefore: (i) construe the words "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive; (ii) construe the term "including" to mean "including, but not limited to"; and (iii) construe the words "all" and "each" to mean all and each.

The following definitions apply to each of these requests:

- The terms **"Benjamin Brand," "you"** and **"your"** refer to Benjamin Brand, including any agent or person authorized to act for or on your behalf.

- The terms "**communication**" and "**communicate**" refer to any method used to transmit or exchange information, concepts, or ideas (whether verbal or nonverbal) including oral, written, typed, or electronic transmittal of any type of information or data, by the use of words, silence, numbers, symbols, images, or depictions, from one person or entity to another person or entity.

- The term "**document**" refers to the act of noting, recording, or preserving any type of information, data, or communication, without regard to the method used to note, record, or preserve such information, data, or communication. The term includes any e-mail or text message.

- The term "**entity**" means any legal entity inquired about (other than a natural person) including a partnership, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The terms "**identify**" and "**identity**," when used in connection with a natural person, require disclosure of that person's full name, present or last known address, and present or last known telephone number. When used in connection with a legal entity, the terms require disclosure of its legal name, its address, and telephone number.

- The terms "**implement**" and "**implementation**" refer to any method, process, or action used to put a decision or plan into effect or achieve a goal or obligation.

- The term "**information**" refers to and includes documents, records, communications, facts, ideas, data, observations, opinions, photographs, slides, video recordings, audio recordings, and tangible and intangible items and evidence of any kind or sort.

- The terms "**person**" and "**persons**" mean any legal entity inquired about, whether a natural person, partnership, sole proprietorship, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The term "**record**" means letters, words, sounds, or numbers, or the equivalent of letters, words, sounds, or numbers, that have been written, recorded, documented, or received by Defendant by:

  (A)   handwriting;
  (B)   typewriting;
  (C)   printing;
  (D)   photostat;
  (E)   photograph;
  (F)   magnetic impulse;
  (G)   mechanical or electronic recording;
  (H)   digitized optical image; or
  (I)   another form of data compilation.

- The term "**record**" also includes any communication, including an e-mail or text-message communication.

- The term "**reproduction**" means an accurate and complete counterpart of an original document or record produced by:

  (A)   production from the same impression or the same matrix as the original;
  (B)   photograph, including an enlargement or miniature;
  (C)   mechanical or electronic re-recording;

    (D)     chemical reproduction;

    (E)     digitized optical image; or

    (F)     another technique that accurately reproduces the original.

- The term "**third party**" means any person, persons, or entity other than the defendants or the attorneys of record for the defendants.

- The terms "**and**" and "**or**," when used in these definitions and in the discovery requests, include the conjunction "and/or."

## II.    Documents Requested

**Request No. 1**: A reproduction of each record constituting a communication (including all attachments or exhibits) that implements, mentions, discusses, or contains any information concerning Timothy Jackson or the Journal of Schenkerian Studies.

**Request No. 2**: All drafts or versions of petitions or open letters that implement, mention, discuss, or contain any information concerning Timothy Jackson or the Journal of Schenkerian Studies, regardless of whether those drafts or versions of petitions or open letters were submitted to any administrative official or faculty member of the University of North Texas or otherwise published, including a list of all signatories to any such document.

**Request No. 3**: All correspondence between you and Levi Walls concerning Timothy Jackson, including but not limited to any alleged efforts at "whistleblowing" related to Timothy Jackson's role on the Journal of Schenkerian Studies or any allegedly racist actions or behaviors of Timothy Jackson.

**Request No. 4**: All documents concerning evidence received by or considered by the Ad Hoc Panel that investigated the Journal of Schenkerian Studies, including but not limited to transcripts or recordings of interviews or other correspondence with witnesses.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | |
|---|---|
| Timothy Jackson | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:21-cv-00033-ALM |
| Laura Wright, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Jennifer Cowley
Hurley Administration Bldg, Room 201, UNT, 1155 Union Circle #311277, Denton, Texas 76203-5017

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached to this subpoena.

| Place: The Fillmore Law Firm LLP<br>201 Main Street, Suite 801<br>Fort Worth, Texas 76102 | Date and Time:<br><br>06/01/2021 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/28/2021

*CLERK OF COURT*

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Timothy Jackson
, who issues or requests this subpoena, are:
Jonathan F. Mitchell, 111 Congress Avenue Suite 400, Austin, Texas, 78701; (512) 686-3940
Michael Thad Allen, PO Box 404, Quaker Hill, Connecticut, 06375; (860) 772-4738

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:21-cv-00033-ALM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## Documents to Be Produced by Jennifer Cowley

## I.     Definitions and Instructions

1. Each request shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

2. Unless otherwise indicated, the relevant time period for these requests is from January 1, 2019, to the present.

3. Unless otherwise defined, the terms used should be read and construed in accordance with the English language and the ordinary meanings and definitions attached. You should, therefore: (i) construe the words "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive; (ii) construe the term "including" to mean "including, but not limited to"; and (iii) construe the words "all" and "each" to mean all and each.

The following definitions apply to each of these requests:

- The terms "**Jennifer Cowley**," "**you**" and "**your**" refer to Jennifer Cowley, including any agent or person authorized to act for or on your behalf.

- The terms "**communication**" and "**communicate**" refer to any method used to transmit or exchange information, concepts, or ideas (whether verbal or nonverbal) including oral, written, typed, or electronic transmittal of any type of information or data, by the use of words, silence, numbers, symbols, images, or depictions, from one person or entity to another person or entity.

- The term "**document**" refers to the act of noting, recording, or preserving any type of information, data, or communication, without regard to the method used to note, record, or preserve such information, data, or communication. The term includes any e-mail or text message.

- The term "**entity**" means any legal entity inquired about (other than a natural person) including a partnership, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The terms "**identify**" and "**identity**," when used in connection with a natural person, require disclosure of that person's full name, present or last known address, and present or last known telephone number. When used in connection with a legal entity, the terms require disclosure of its legal name, its address, and telephone number.

- The terms "**implement**" and "**implementation**" refer to any method, process, or action used to put a decision or plan into effect or achieve a goal or obligation.

- The term "**information**" refers to and includes documents, records, communications, facts, ideas, data, observations, opinions, photographs, slides, video recordings, audio recordings, and tangible and intangible items and evidence of any kind or sort.

- The terms "**person**" and "**persons**" mean any legal entity inquired about, whether a natural person, partnership, sole proprietorship, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The term "**record**" means letters, words, sounds, or numbers, or the equivalent of letters, words, sounds, or numbers, that have been written, recorded, documented, or received by Defendant by:

  (A)   handwriting;
  (B)   typewriting;
  (C)   printing;
  (D)   photostat;
  (E)   photograph;
  (F)   magnetic impulse;
  (G)   mechanical or electronic recording;
  (H)   digitized optical image; or
  (I)   another form of data compilation.

- The term "**record**" also includes any communication, including an e-mail or text-message communication.

- The term "**reproduction**" means an accurate and complete counterpart of an original document or record produced by:

  (A)   production from the same impression or the same matrix as the original;
  (B)   photograph, including an enlargement or miniature;
  (C)   mechanical or electronic re-recording;

(D)     chemical reproduction;

(E)     digitized optical image; or

(F)     another technique that accurately reproduces the original.

- The term "**third party**" means any person, persons, or entity other than the defendants or the attorneys of record for the defendants.

- The terms "**and**" and "**or**," when used in these definitions and in the discovery requests, include the conjunction "and/or."

## II.     Documents Requested

**Request No. 1**: A reproduction of each record constituting a communication (including all attachments or exhibits) that implements, mentions, discusses, or contains any information concerning Timothy Jackson, the Journal of Schenkerian Studies, or the Ad Hoc Panel that investigated the Journal of Schenkerian Studies.

**Request No. 2**: All drafts or versions of petitions or open letters that implement, mention, discuss, or contain any information concerning Timothy Jackson or the Journal of Schenkerian Studies, regardless of whether those drafts or versions of petitions or open letters were submitted to any administrative official or faculty member of the University of North Texas or otherwise published, including a list of all signatories to any such document.

**Request No. 3**: All documents concerning evidence received by or considered by the Ad Hoc Panel that investigated the Journal of Schenkerian Studies, including but not limited to transcripts or recordings of interviews or other correspondence with witnesses.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| Timothy Jackson | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:21-cv-00033-ALM |
| Laura Wright, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Jincheng Du
3601 Ranchman Blvd, Denton, TX 76210

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached to this subpoena.

| Place: The Fillmore Law Firm LLP<br>201 Main Street, Suite 801<br>Fort Worth, Texas 76102 | Date and Time:<br><br>06/01/2021 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/28/2021

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Timothy Jackson
, who issues or requests this subpoena, are:
Jonathan F. Mitchell, 111 Congress Avenue Suite 400, Austin, Texas, 78701; (512) 686-3940
Michael Thad Allen, PO Box 404, Quaker Hill, Connecticut, 06375; (860) 772-4738

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:21-cv-00033-ALM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**Documents to Be Produced by Jincheng Du**

## I.      Definitions and Instructions

1. Each request shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

2. Unless otherwise indicated, the relevant time period for these requests is from January 1, 2019, to the present.

3. Unless otherwise defined, the terms used should be read and construed in accordance with the English language and the ordinary meanings and definitions attached. You should, therefore: (i) construe the words "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive; (ii) construe the term "including" to mean "including, but not limited to"; and (iii) construe the words "all" and "each" to mean all and each.

The following definitions apply to each of these requests:

- The terms "**Jincheng Du**," "**you**" and "**your**" refer to Jincheng Du, including any agent or person authorized to act for or on your behalf.

- The terms "**communication**" and "**communicate**" refer to any method used to transmit or exchange information, concepts, or ideas (whether verbal or nonverbal) including oral, written, typed, or electronic transmittal of any type of information or data, by the use of words, silence, numbers, symbols, images, or depictions, from one person or entity to another person or entity.

- The term "**document**" refers to the act of noting, recording, or preserving any type of information, data, or communication, without regard to the method used to note, record, or preserve such information, data, or communication. The term includes any e-mail or text message.

- The term "**entity**" means any legal entity inquired about (other than a natural person) including a partnership, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The terms "**identify**" and "**identity**," when used in connection with a natural person, require disclosure of that person's full name, present or last known address, and present or last known telephone number. When used in connection with a legal entity, the terms require disclosure of its legal name, its address, and telephone number.

- The terms "**implement**" and "**implementation**" refer to any method, process, or action used to put a decision or plan into effect or achieve a goal or obligation.

- The term "**information**" refers to and includes documents, records, communications, facts, ideas, data, observations, opinions, photographs, slides, video recordings, audio recordings, and tangible and intangible items and evidence of any kind or sort.

- The terms "**person**" and "**persons**" mean any legal entity inquired about, whether a natural person, partnership, sole proprietorship, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The term "**record**" means letters, words, sounds, or numbers, or the equivalent of letters, words, sounds, or numbers, that have been written, recorded, documented, or received by Defendant by:

  (A)   handwriting;
  (B)   typewriting;
  (C)   printing;
  (D)   photostat;
  (E)   photograph;
  (F)   magnetic impulse;
  (G)   mechanical or electronic recording;
  (H)   digitized optical image; or
  (I)   another form of data compilation.

- The term "**record**" also includes any communication, including an e-mail or text-message communication.

- The term "**reproduction**" means an accurate and complete counterpart of an original document or record produced by:

  (A)   production from the same impression or the same matrix as the original;
  (B)   photograph, including an enlargement or miniature;
  (C)   mechanical or electronic re-recording;

(D)     chemical reproduction;

(E)     digitized optical image; or

(F)     another technique that accurately reproduces the original.

- The term "**third party**" means any person, persons, or entity other than the defendants or the attorneys of record for the defendants.

- The terms "**and**" and "**or**," when used in these definitions and in the discovery requests, include the conjunction "and/or."

## II.     Documents Requested

**Request No. 1**: A reproduction of each record constituting a communication (including all attachments or exhibits) that implements, mentions, discusses, or contains any information concerning Timothy Jackson, the Journal of Schenkerian Studies, or the Ad Hoc Panel that investigated the Journal of Schenkerian Studies.

**Request No. 2**: All drafts or versions of petitions or open letters that implement, mention, discuss, or contain any information concerning Timothy Jackson or the Journal of Schenkerian Studies, regardless of whether those drafts or versions of petitions or open letters were submitted to any administrative official or faculty member of the University of North Texas or otherwise published, including a list of all signatories to any such document.

**Request No. 3**: All documents concerning evidence received by or considered by the Ad Hoc Panel that investigated the Journal of Schenkerian Studies, including but not limited to transcripts or recordings of interviews or other correspondence with witnesses.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | |
|---|---|
| Timothy Jackson | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 4:21-cv-00033-ALM |
| Laura Wright, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Francisco Guzman
Business Leadership Building 394A; 1155 Union Circle #311160, Denton, Texas 76203-5017

_(Name of person to whom this subpoena is directed)_

☛ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached to this subpoena.

| Place: The Fillmore Law Firm LLP<br>201 Main Street, Suite 801<br>Fort Worth, Texas 76102 | Date and Time:<br><br>06/01/2021 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/28/2021

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | _Michael T Allen_ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Timothy Jackson
, who issues or requests this subpoena, are:
Jonathan F. Mitchell, 111 Congress Avenue Suite 400, Austin, Texas, 78701; (512) 686-3940
Michael Thad Allen, PO Box 404, Quaker Hill, Connecticut, 06375; (860) 772-4738

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:21-cv-00033-ALM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print     Save As...     Add Attachment     Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**Documents to Be Produced by Francisco Guzman**

## I.    Definitions and Instructions

1. Each request shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

2. Unless otherwise indicated, the relevant time period for these requests is from January 1, 2019, to the present.

3. Unless otherwise defined, the terms used should be read and construed in accordance with the English language and the ordinary meanings and definitions attached. You should, therefore: (i) construe the words "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive; (ii) construe the term "including" to mean "including, but not limited to"; and (iii) construe the words "all" and "each" to mean all and each.

The following definitions apply to each of these requests:

- The terms "**Francisco Guzman**," "**you**" and "**your**" refer to Francisco Guzman, including any agent or person authorized to act for or on your behalf.

- The terms "**communication**" and "**communicate**" refer to any method used to transmit or exchange information, concepts, or ideas (whether verbal or nonverbal) including oral, written, typed, or electronic transmittal of any type of information or data, by the use of words, silence, numbers, symbols, images, or depictions, from one person or entity to another person or entity.

- The term "**document**" refers to the act of noting, recording, or preserving any type of information, data, or communication, without regard to the method used to note, record, or preserve such information, data, or communication. The term includes any e-mail or text message.

- The term "**entity**" means any legal entity inquired about (other than a natural person) including a partnership, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The terms "**identify**" and "**identity**," when used in connection with a natural person, require disclosure of that person's full name, present or last known address, and present or last known telephone number. When used in connection with a legal entity, the terms require disclosure of its legal name, its address, and telephone number.

- The terms "**implement**" and "**implementation**" refer to any method, process, or action used to put a decision or plan into effect or achieve a goal or obligation.

- The term "**information**" refers to and includes documents, records, communications, facts, ideas, data, observations, opinions, photographs, slides, video recordings, audio recordings, and tangible and intangible items and evidence of any kind or sort.

- The terms "**person**" and "**persons**" mean any legal entity inquired about, whether a natural person, partnership, sole proprietorship, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The term "**record**" means letters, words, sounds, or numbers, or the equivalent of letters, words, sounds, or numbers, that have been written, recorded, documented, or received by Defendant by:

  (A)   handwriting;
  (B)   typewriting;
  (C)   printing;
  (D)   photostat;
  (E)   photograph;
  (F)   magnetic impulse;
  (G)   mechanical or electronic recording;
  (H)   digitized optical image; or
  (I)   another form of data compilation.

- The term "**record**" also includes any communication, including an e-mail or text-message communication.

- The term "**reproduction**" means an accurate and complete counterpart of an original document or record produced by:

  (A)   production from the same impression or the same matrix as the original;
  (B)   photograph, including an enlargement or miniature;
  (C)   mechanical or electronic re-recording;

    (D)    chemical reproduction;

    (E)    digitized optical image; or

    (F)    another technique that accurately reproduces the original.

- The term "**third party**" means any person, persons, or entity other than the defendants or the attorneys of record for the defendants.

- The terms "**and**" and "**or**," when used in these definitions and in the discovery requests, include the conjunction "and/or."

## II.   Documents Requested

**Request No. 1**: A reproduction of each record constituting a communication (including all attachments or exhibits) that implements, mentions, discusses, or contains any information concerning Timothy Jackson, the Journal of Schenkerian Studies, or the Ad Hoc Panel that investigated the Journal of Schenkerian Studies.

**Request No. 2**: All drafts or versions of petitions or open letters that implement, mention, discuss, or contain any information concerning Timothy Jackson or the Journal of Schenkerian Studies, regardless of whether those drafts or versions of petitions or open letters were submitted to any administrative official or faculty member of the University of North Texas or otherwise published, including a list of all signatories to any such document.

**Request No. 3**: All documents concerning evidence received by or considered by the Ad Hoc Panel that investigated the Journal of Schenkerian Studies, including but not limited to transcripts or recordings of interviews or other correspondence with witnesses.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | | |
|---|---|---|
| Timothy Jackson | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   4:21-cv-00033-ALM |
| Laura Wright, et al. | ) | |
| _Defendant_ | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              John Ishiyama
                    3334 Cooper Branch E, Denton, TX 76209

_(Name of person to whom this subpoena is directed)_

☛ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached to this subpoena.

| Place: The Fillmore Law Firm LLP | Date and Time: |
|---|---|
| 201 Main Street, Suite 801<br>Fort Worth, Texas 76102 | 06/01/2021 5:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      04/28/2021

|      _CLERK OF COURT_ | |
|---|---|
| | OR      _Michael T Allen_ |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Timothy Jackson
, who issues or requests this subpoena, are:
Jonathan F. Mitchell, 111 Congress Avenue Suite 400, Austin, Texas, 78701; (512) 686-3940
Michael Thad Allen, PO Box 404, Quaker Hill, Connecticut, 06375; (860) 772-4738

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:21-cv-00033-ALM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**Documents to Be Produced by John Ishiyama**

**I.     Definitions and Instructions**

1. Each request shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

2. Unless otherwise indicated, the relevant time period for these requests is from January 1, 2019, to the present.

3. Unless otherwise defined, the terms used should be read and construed in accordance with the English language and the ordinary meanings and definitions attached. You should, therefore: (i) construe the words "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive; (ii) construe the term "including" to mean "including, but not limited to"; and (iii) construe the words "all" and "each" to mean all and each.

The following definitions apply to each of these requests:

- The terms "**John Ishiyama**," "**you**" and "**your**" refer to John Ishiyama, including any agent or person authorized to act for or on your behalf.

- The terms "**communication**" and "**communicate**" refer to any method used to transmit or exchange information, concepts, or ideas (whether verbal or nonverbal) including oral, written, typed, or electronic transmittal of any type of information or data, by the use of words, silence, numbers, symbols, images, or depictions, from one person or entity to another person or entity.

- The term "**document**" refers to the act of noting, recording, or preserving any type of information, data, or communication, without regard to the method used to note, record, or preserve such information, data, or communication. The term includes any e-mail or text message.

- The term "**entity**" means any legal entity inquired about (other than a natural person) including a partnership, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The terms "**identify**" and "**identity**," when used in connection with a natural person, require disclosure of that person's full name, present or last known address, and present or last known telephone number. When used in connection with a legal entity, the terms require disclosure of its legal name, its address, and telephone number.

- The terms "**implement**" and "**implementation**" refer to any method, process, or action used to put a decision or plan into effect or achieve a goal or obligation.

- The term "**information**" refers to and includes documents, records, communications, facts, ideas, data, observations, opinions, photographs, slides, video recordings, audio recordings, and tangible and intangible items and evidence of any kind or sort.

- The terms "**person**" and "**persons**" mean any legal entity inquired about, whether a natural person, partnership, sole proprietorship, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The term "**record**" means letters, words, sounds, or numbers, or the equivalent of letters, words, sounds, or numbers, that have been written, recorded, documented, or received by Defendant by:

  (A)   handwriting;
  (B)   typewriting;
  (C)   printing;
  (D)   photostat;
  (E)   photograph;
  (F)   magnetic impulse;
  (G)   mechanical or electronic recording;
  (H)   digitized optical image; or
  (I)    another form of data compilation.

- The term "**record**" also includes any communication, including an e-mail or text-message communication.

- The term "**reproduction**" means an accurate and complete counterpart of an original document or record produced by:

  (A)   production from the same impression or the same matrix as the original;
  (B)   photograph, including an enlargement or miniature;
  (C)   mechanical or electronic re-recording;

    (D)     chemical reproduction;

    (E)     digitized optical image; or

    (F)     another technique that accurately reproduces the original.

- The term "**third party**" means any person, persons, or entity other than the defendants or the attorneys of record for the defendants.

- The terms "**and**" and "**or**," when used in these definitions and in the discovery requests, include the conjunction "and/or."

## II.   Documents Requested

**Request No. 1**: A reproduction of each record constituting a communication (including all attachments or exhibits) that implements, mentions, discusses, or contains any information concerning Timothy Jackson, the Journal of Schenkerian Studies, or the Ad Hoc Panel that investigated the Journal of Schenkerian Studies.

**Request No. 2**: All drafts or versions of petitions or open letters that implement, mention, discuss, or contain any information concerning Timothy Jackson or the Journal of Schenkerian Studies, regardless of whether those drafts or versions of petitions or open letters were submitted to any administrative official or faculty member of the University of North Texas or otherwise published, including a list of all signatories to any such document.

**Request No. 3**: All documents concerning evidence received by or considered by the Ad Hoc Panel that investigated the Journal of Schenkerian Studies, including but not limited to transcripts or recordings of interviews or other correspondence with witnesses.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| Timothy Jackson | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No.   4:21-cv-00033-ALM |
| Laura Wright, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Matthew Lemberger-Truelove
114 Welch Street Complex 2, University of North Texas, 1155 Union Circle #311040, Denton, Texas 76203-5017

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached to this subpoena.

| Place: The Fillmore Law Firm LLP 201 Main Street, Suite 801 Fort Worth, Texas 76102 | Date and Time: 06/01/2021 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        04/28/2021

CLERK OF COURT

_____              OR        _____
_Signature of Clerk or Deputy Clerk_                              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Timothy Jackson
, who issues or requests this subpoena, are:
Jonathan F. Mitchell, 111 Congress Avenue Suite 400, Austin, Texas, 78701; (512) 686-3940
Michael Thad Allen, PO Box 404, Quaker Hill, Connecticut, 06375; (860) 772-4738

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:21-cv-00033-ALM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**Documents to Be Produced by Matthew Lemberger-Truelove**

## I.    Definitions and Instructions

1. Each request shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

2. Unless otherwise indicated, the relevant time period for these requests is from January 1, 2019, to the present.

3. Unless otherwise defined, the terms used should be read and construed in accordance with the English language and the ordinary meanings and definitions attached. You should, therefore: (i) construe the words "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive; (ii) construe the term "including" to mean "including, but not limited to"; and (iii) construe the words "all" and "each" to mean all and each.

The following definitions apply to each of these requests:

- The terms "**Matthew Lemberger-Truelove**," "**you**" and "**your**" refer to Matthew Lemberger-Truelove, including any agent or person authorized to act for or on your behalf.

- The terms "**communication**" and "**communicate**" refer to any method used to transmit or exchange information, concepts, or ideas (whether verbal or nonverbal) including oral, written, typed, or electronic transmittal of any type of information or data, by the use of words, silence, numbers, symbols, images, or depictions, from one person or entity to another person or entity.

- The term "**document**" refers to the act of noting, recording, or preserving any type of information, data, or communication, without regard to the method used to note, record, or preserve such information, data, or communication. The term includes any e-mail or text message.

- The term "**entity**" means any legal entity inquired about (other than a natural person) including a partnership, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The terms "**identify**" and "**identity**," when used in connection with a natural person, require disclosure of that person's full name, present or last known address, and present or last known telephone number. When used in connection with a legal entity, the terms require disclosure of its legal name, its address, and telephone number.

- The terms "**implement**" and "**implementation**" refer to any method, process, or action used to put a decision or plan into effect or achieve a goal or obligation.

- The term "**information**" refers to and includes documents, records, communications, facts, ideas, data, observations, opinions, photographs, slides, video recordings, audio recordings, and tangible and intangible items and evidence of any kind or sort.

- The terms "**person**" and "**persons**" mean any legal entity inquired about, whether a natural person, partnership, sole proprietorship, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The term "**record**" means letters, words, sounds, or numbers, or the equivalent of letters, words, sounds, or numbers, that have been written, recorded, documented, or received by Defendant by:

  (A)   handwriting;
  (B)   typewriting;
  (C)   printing;
  (D)   photostat;
  (E)   photograph;
  (F)   magnetic impulse;
  (G)   mechanical or electronic recording;
  (H)   digitized optical image; or
  (I)   another form of data compilation.

- The term "**record**" also includes any communication, including an e-mail or text-message communication.

- The term "**reproduction**" means an accurate and complete counterpart of an original document or record produced by:

  (A)   production from the same impression or the same matrix as the original;
  (B)   photograph, including an enlargement or miniature;
  (C)   mechanical or electronic re-recording;

(D)     chemical reproduction;

(E)     digitized optical image; or

(F)     another technique that accurately reproduces the original.

- The term "**third party**" means any person, persons, or entity other than the defendants or the attorneys of record for the defendants.

- The terms "**and**" and "**or**," when used in these definitions and in the discovery requests, include the conjunction "and/or."

## II.   Documents Requested

**Request No. 1**: A reproduction of each record constituting a communication (including all attachments or exhibits) that implements, mentions, discusses, or contains any information concerning Timothy Jackson, the Journal of Schenkerian Studies, or the Ad Hoc Panel that investigated the Journal of Schenkerian Studies.

**Request No. 2**: All drafts or versions of petitions or open letters that implement, mention, discuss, or contain any information concerning Timothy Jackson or the Journal of Schenkerian Studies, regardless of whether those drafts or versions of petitions or open letters were submitted to any administrative official or faculty member of the University of North Texas or otherwise published, including a list of all signatories to any such document.

**Request No. 3**: All documents concerning evidence received by or considered by the Ad Hoc Panel that investigated the Journal of Schenkerian Studies, including but not limited to transcripts or recordings of interviews or other correspondence with witnesses.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Texas

| | |
|---|---|
| Timothy Jackson | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  4:21-cv-00033-ALM |
| Laura Wright, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Jennifer Wallach
Wooten Hall 225B, University of North Texas, 1155 Union Circle #311277, Denton, Texas 76203-5017

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached to this subpoena.

| Place: The Fillmore Law Firm LLP<br>201 Main Street, Suite 801<br>Fort Worth, Texas 76102 | Date and Time:<br><br>06/01/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/28/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Timothy Jackson
, who issues or requests this subpoena, are:
Jonathan F. Mitchell, 111 Congress Avenue Suite 400, Austin, Texas, 78701; (512) 686-3940
Michael Thad Allen, PO Box 404, Quaker Hill, Connecticut, 06375; (860) 772-4738

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:21-cv-00033-ALM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**Documents to Be Produced by Jennifer Wallach**

## I.      Definitions and Instructions

1. Each request shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

2. Unless otherwise indicated, the relevant time period for these requests is from January 1, 2019, to the present.

3. Unless otherwise defined, the terms used should be read and construed in accordance with the English language and the ordinary meanings and definitions attached. You should, therefore: (i) construe the words "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive; (ii) construe the term "including" to mean "including, but not limited to"; and (iii) construe the words "all" and "each" to mean all and each.

The following definitions apply to each of these requests:

- The terms "**Jennifer Wallach**," "**you**" and "**your**" refer to Jennifer Wallach, including any agent or person authorized to act for or on your behalf.

- The terms "**communication**" and "**communicate**" refer to any method used to transmit or exchange information, concepts, or ideas (whether verbal or nonverbal) including oral, written, typed, or electronic transmittal of any type of information or data, by the use of words, silence, numbers, symbols, images, or depictions, from one person or entity to another person or entity.

- The term "**document**" refers to the act of noting, recording, or preserving any type of information, data, or communication, without regard to the method used to note, record, or preserve such information, data, or communication. The term includes any e-mail or text message.

- The term "**entity**" means any legal entity inquired about (other than a natural person) including a partnership, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The terms "**identify**" and "**identity**," when used in connection with a natural person, require disclosure of that person's full name, present or last known address, and present or last known telephone number. When used in connection with a legal entity, the terms require disclosure of its legal name, its address, and telephone number.

- The terms "**implement**" and "**implementation**" refer to any method, process, or action used to put a decision or plan into effect or achieve a goal or obligation.

- The term "**information**" refers to and includes documents, records, communications, facts, ideas, data, observations, opinions, photographs, slides, video recordings, audio recordings, and tangible and intangible items and evidence of any kind or sort.

- The terms "**person**" and "**persons**" mean any legal entity inquired about, whether a natural person, partnership, sole proprietorship, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The term "**record**" means letters, words, sounds, or numbers, or the equivalent of letters, words, sounds, or numbers, that have been written, recorded, documented, or received by Defendant by:

  (A)   handwriting;
  (B)   typewriting;
  (C)   printing;
  (D)   photostat;
  (E)   photograph;
  (F)   magnetic impulse;
  (G)   mechanical or electronic recording;
  (H)   digitized optical image; or
  (I)   another form of data compilation.

- The term "**record**" also includes any communication, including an e-mail or text-message communication.

- The term "**reproduction**" means an accurate and complete counterpart of an original document or record produced by:

  (A)   production from the same impression or the same matrix as the original;
  (B)   photograph, including an enlargement or miniature;
  (C)   mechanical or electronic re-recording;

    (D)     chemical reproduction;

    (E)     digitized optical image; or

    (F)     another technique that accurately reproduces the original.

- The term "**third party**" means any person, persons, or entity other than the defendants or the attorneys of record for the defendants.

- The terms "**and**" and "**or**," when used in these definitions and in the discovery requests, include the conjunction "and/or."

## II.   Documents Requested

**Request No. 1**: A reproduction of each record constituting a communication (including all attachments or exhibits) that implements, mentions, discusses, or contains any information concerning Timothy Jackson, the Journal of Schenkerian Studies, or the Ad Hoc Panel that investigated the Journal of Schenkerian Studies.

**Request No. 2**: All drafts or versions of petitions or open letters that implement, mention, discuss, or contain any information concerning Timothy Jackson or the Journal of Schenkerian Studies, regardless of whether those drafts or versions of petitions or open letters were submitted to any administrative official or faculty member of the University of North Texas or otherwise published, including a list of all signatories to any such document.

**Request No. 3**: All documents concerning evidence received by or considered by the Ad Hoc Panel that investigated the Journal of Schenkerian Studies, including but not limited to transcripts or recordings of interviews or other correspondence with witnesses.