# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| TIMOTHY JACKSON<br>　　*Plaintiff*,<br>v.<br><br>LAURA WRIGHT, et al.<br>　　*Defendants*. | §<br>§<br>§　Civil Action No. 4:21-mc-00132<br>§　Judge Mazzant<br>§　Underlying Case:<br>§　Civil Action No. 4:21-cv-00033 |

## ORDER

Pending before the Court is Movants' Motion to Quash Subpoenas and Motion for Protective Order (Dkts. #1–2).[1] Having considered the motion and the relevant pleadings, the Court finds it should be **GRANTED IN PART and DENIED in part**.

### BACKGROUND

The background of the underlying case is relevant to Movants' Motion to Quash. Accordingly, the Court lays out the pertinent facts, which are more fully articulated in the Court's Memorandum Opinion and Order denying Defendants' Motion to Dismiss (Dkt. #47). Plaintiff Dr. Timothy Jackson is a professor and scholar of music theory at the University of North Texas ("UNT") (Dkt. #1 ¶¶ 60–61). Plaintiff's area of expertise became a topic of controversy in November 2019 that ultimately led to Plaintiff's suit against two classes of defendants: (1) members of the Board of Regents of UNT in their official capacities for unlawful First Amendment retaliation under 42 U.S.C. § 1983; and (2) signatories of the Student Statement for the tort of defamation.

---

[1] This particular motion was originally filed in the District Court for the Northern District of Texas, Fort Worth Division. Movants filed an unopposed Rule 45(f) motion to transfer the motion to quash and motion for protective order to the Eastern District of Texas, Sherman Division where the underlying case is pending (Dkt. #3). The case was transferred on May 27, 2021 (Dkt. #4).

Defendants filed a Motion to Dismiss (Dkt. #8) that this Court denied on January 18, 2022 (Dkt. #47). Plaintiff issued subpoenas to non-party UNT officials ("Movants") Benjamin Brand, Jennifer Cowley, Jincheng Du, Francisco Guzman, John Ishiyama, Matthew Lemberger-Truelove, and Jennifer Wallach. Movants subsequently filed this Motion to Quash and Motion for Protective Order (Dkts. #1–2). Plaintiff filed his response in opposition on May 31, 2021 (Dkt. #7).

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). On timely motion, the court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. FED. R. CIV. P. 45(d)(3)(A)(iii)–(iv).

The moving party has the burden of proof "to demonstrate 'that compliance with the subpoena would be unreasonable and oppressive.'" *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004) (quoting *Williams v. City of Dallas,* 178 F.R.D. 103, 109 (N.D. Tex. 1998) (internal citations omitted)). "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case.'" *Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998) (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 407 (D.C. Cir. 1984)).

To determine whether compliance with a subpoena creates an undue burden, the Court considers the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6)

the burden imposed." *Wiwa*, 392 F.3d at 818 (citing *Williams*, 178 F.R.D. at 109). "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id.*; *see also* FED. R. CIV. P. 45(c)(2)(B). However, despite these considerations, "modification of a subpoena is [generally] preferable to quashing it outright." *Wiwa*, 392 F.3d at 818.

## ANALYSIS

Movants assert the subpoenas present both them and Defendants with undue burden based on duplication of effort, compounded by the need for review of the documents for FERPA confidentiality, as well as attorney-client and work-product privileges (Dkt. #2 at pp. 5–7).[2] Specifically, Movants contend that Plaintiff's subpoena subjects non-parties to the undue burden of producing documents that are duplicative of documents that Defendants have produced or will produce pursuant to Rule 34 discovery. Further, Movants claim that production of the documents in Ft. Worth, where no party, movant, or counsel is located "is inherently burdensome without justification" (Dkt. #2 at p. 7). Plaintiff asserts Movants have not met their burden of establishing how each request is overly broad, burdensome, or oppressive, and, therefore, the motion should be denied (Dkt. #7).

Because the breadth of documents requested are not temporally reasonable nor described with particularity, the Court finds the subpoenas in their current state to be unduly burdensome. Additionally, the scope of documents covered under the current subpoena language places additional inconvenience on Movants as non-parties to this dispute. As Movants note, the subpoenas request documents "concerning" Plaintiff and the Journal dating back to January 2019,

---

[2] The Court notes that the subpoenas are not void for lack of subject matter jurisdiction. The Court has now determined it has subject matter jurisdiction over this action (Dkt. #47).

3

eleven months before the relevant time period of this case (Dkt. #2 p. 6–7). Because Plaintiff was the Director of the Center for Schenkerian Studies and a founding member of the Journal, the subpoenaed parties likely have a plethora of "communications,"[3] that "concern" him and the Journal—yet are irrelevant to this matter. Further, the Court finds the documents requested from Benjamin Brand and Jennifer Cowley would be entirely duplicative of those the Court has required Defendants to produce in discovery.

Nonetheless, the Court finds that Movants have not met their burden to establish the subpoenas should be quashed in their entirety. To be sure, it is likely that *some* documents produced pursuant to the subpoenas would not be duplicative of those produced in discovery, and it would not be unduly burdensome on Movants as non-parties to turn over such documents—most of which are electronic in nature. Further, Fort Worth, Texas is within a 100-mile radius of each Movant's residence, rendering it a proper place of compliance under Federal Rule of Civil Procedure 45(c)(1)(A). Thus, if the Court modifies the scope of the subpoenas, the burden imposed on Movants will be only that which accompanies an ordinary lawsuit.

## CONCLUSION

For the foregoing reasons, the Court finds it should be **GRANTED IN PART and DENIED in part**.

It is therefore **ORDERED** that the subpoenas issued to Benjamin Brand and Jennifer Cowley are **QUASHED** in their entirety.

It is further **ORDERED** that the subpoenas issued to Jincheng Du, Francisco Guzman, John Ishiyama, Matthew Lemberger-Truelove, and Jennifer Wallach are modified as follows:

- The relevant time period shall be from November 1, 2019 to the present;

---

[3] The subpoenas describe "communication" as "any method used to transmit or exchange information, concepts, or ideas (whether verbal or nonverbal)" (Dkt. #2-4 at p. 4).

- Movants shall exclude from production any materials subject to attorney-client privilege, work-product privilege, FERPA protection, or other relevant protection;

- Movants Jincheng Du, Francisco Guzman, John Ishiyama, Matthew Lemberger-Truelove, and Jennifer Wallach shall comply with the subpoenas as modified and produce all required documents to The Fillmore Law Firm LLP, 201 Main Street, Suite 801, Fort Worth, Texas 76102 no later than 30 days from the date of this Order.

**IT IS SO ORDERED.**

**SIGNED this 1st day of February, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE